FILED

2026 Feb-04  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARCIA CUNNINGHAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:25-cv-295-ACA-GMB** |
| | ) | |
| **WARDEN NEELEY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

*Pro se* Petitioner Marcia Cunningham, who is currently incarcerated at FCI Aliceville, alleges that Bureau of Prison ("BOP") staff refuses to transfer her into prerelease custody under the Second Chance Act, 34 U.S.C. § 60541, as amended by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. (Doc. 4 at 3). She filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate transfer to prerelease custody. (*Id.*; *see* doc. 1 at 1).

The magistrate judge entered a report recommending that the amended petition be dismissed without prejudice for Ms. Cunningham's failure to exhaust her administrative remedies. (Doc. 11). Ms. Cunningham filed objections to the report and recommendation. (Doc. 14). The case is before the court for review of Ms. Cunningham's objections to the report and recommendation.

The magistrate judge recommended finding that Ms. Cunningham did not exhaust her administrative remedies as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Doc. 11 at 4). He explained that to exhaust a claim under BOP regulations, an inmate must (1) seek informal resolution, (2) file a formal request for an administrative remedy, (3) appeal a denial to the Regional Director, and then (4) appeal a denial to the General Counsel. (*Id.* at 3); 28 C.F.R. §§ 542.10–542.15. At each stage, the BOP must issue a response within a certain allotment of time, otherwise the inmate may consider the absence of a response to be a denial at that level. (Doc. 11 at 3); *see* 28 C.F.R. § 542.18. The court adopts the magistrate judge's finding that Ms. Cunningham failed to provide evidence that she exhausted the last two steps of the administrative process. (Doc. 11 at 4).

The magistrate judge then construed Ms. Cunningham's statement that the BOP's administrative process is merely a "get out of jail free card" as an argument for a "futility exception" to administrative exhaustion. (*Id.* at 5). But the court construes Ms. Cunningham's filings as an argument that administrative remedies are "unavailable," and therefore she need not exhaust them. *See Ross v. Blake*, 578 U.S. 632, 642 (2016).

"Under the [PLRA], an inmate must exhaust available remedies, but need not exhaust unavailable ones." *McGuire-Mollica v. Fed. Bureau of Prisons*, 146 F.4th 1308, 1316 (11th Cir. 2025) (quotation marks omitted) (alterations accepted). There

are three situations in which an administrative procedure is unavailable: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates" despite written policy requiring the contrary; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In her objections, Ms. Cunningham repeats the same arguments she made in her original petition and in her reply to the magistrate judge's order to show cause. (*Compare* doc. 14 at 9, 17 *with* doc. 10 at 12–13 *and* doc. 1 at 5). She alleges that the administrative procedure is unavailable because: (1) staff members refused to provide her with grievance forms (doc. 14 at 9); (2) staff members threatened her after she requested a grievance form (*id.* at 9, 17 ¶ 3–4); (3) violations of federal law cannot be resolved through the prison administrative process (*id.* at 9); (4) prison officials do not respond to grievances (*id.*); and (5) staff members have provided her with the wrong form in attempt to thwart her filing a formal grievance (*id.* at 17 ¶¶ 7–8).

The first two arguments fail because, despite alleged hostility and attempts to deter Ms. Cunningham from filing a formal grievance, she eventually was given a grievance form and filed that form. (Doc. 14 at 17 ¶ 7); *see Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008) (determining that administrative procedures were

available when, after prison officials denied the inmate's request for a form and threatened him with physical violence, he was nonetheless able to file a grievance when he was transferred to a new facility).

The third argument is legally incorrect. Under the PLRA, federal law and constitutional claims must be exhausted through prison administrative procedures before being brought to federal court. *See, e.g.*, *McGuire-Mollica*, 146 F.4th at 1313–1314 (applying the PLRA exhaustion framework to claims under the Federal Tort Claims Act and the Eighth Amendment).

The fourth argument fails because a prison official's failure to respond to a grievance complaint is specifically accounted for in the exhaustion framework. If a prison official does not issue a written response within twenty days of Ms. Cunningham filing her initial formal grievance, then the request is deemed denied and she may appeal to the next level. *See* 28 C.F.R. § 542.18. But the court has no evidence that Ms. Cunningham's grievance was unanswered for more than twenty days or that she appealed that effective denial.

The final argument is not ripe for the court to decide. Ms. Cunningham attests that the staff member who provided her with a grievance form gave her a "9 form." (Doc. 14 at 17 ¶¶ 17–18). Ms. Cunningham maintains that the correct form was "form 8.5." (*Id.*). But the paralegal specialist for BOP attested that form 9 is the correct form to use in Ms. Cunningham's situation. (Doc. 7-1 ¶ 18). If prison officials

eventually conclude that Ms. Cunningham should indeed have filed the form 8.5, and consequently refuse to process her grievance, then that might be evidence that administrative procedures are not "available." But as it stands, Ms. Cunningham has provided no evidence that officials will deny her grievance based on her use of form 9. Accordingly, Ms. Cunningham's objections are **OVERRULED**.

Having carefully reviewed and considered *de novo* "those portions of the report or specified proposed findings or recommendations to which" Ms. Cunningham objects, 28 U.S.C. § 636(b)(1)(C), the court **ADOPTS IN PART** and **MODIFIES IN PART** the magistrate judge's report and **ACCEPTS** the magistrate judge's recommendation. Consistent with that recommendation, the court **DISMISSES** the action **WITHOUT PREJUDICE** for Ms. Cunningham's failure to exhaust administrative remedies.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this February 4, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE